James P. Krauzlis
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
jpk@caseybarnett.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HARTFORD FIRE INSURANCE COMPANY a/s/o
LEIF J. OSTBERG, INC., and
LEIF J. OSTBERG, INC.,

       19 Civ.

    Plaintiff,

    - against –       **COMPLAINT**

AIRPORT CLEARANCE SERVICE, INC. dba ACS
Lines, COSCO SHIPPING LINES CO., LTD. and
M/V CMA CGM G. WASHINGTON, her engines,
tackle, boilers, etc. *in rem*; and CMA CGM S.A *in personam*;.

    Defendants.
-------------------------------------------------------------X

    Plaintiff, HARTFORD FIRE INSURANCE COMPANY a/s/o LEIF J. OSTBERG, INC.; by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

## JURISDICTION

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333.

## PARTIES

2. At all material times, HARTFORD FIRE INSURANCE COMPANY (hereinafter "Hartford" or "Plaintiff") was and is a corporation with its principal place of business located at One Hartford Plaza, Hartford, Connecticut 06155, and is the subrogated underwriter of a consignment consisting of 439 cartons of footwear, laden on board the M/V CMA CGM G. WASHINGTON, as more specifically described below.

3. At all material times, LEIF J. OSTBERG, INC,. (hereinafter "LEIF J.OSTBERG" or "Plaintiff") was and is a corporation with its principal place of business located at 695 Route 46 West, Suite 204, Fairfield, New Jersey 07004 and was the owner/consignee of a consignment of 439 cartons of footwear laden on board the M/V CMA CGM G. WASHINGTON, as more specifically described below.

4. At all material times, Defendant AIRPORT CLEARANCE SERVICE, INC. dba ACS Lines (hereinafter "ACS" or "Defendant") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located c/o UTC Overseas, Inc., 420 Doughty Blvd., Inwood, NY 11096, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a Non-Vessel Owning Common Carrier ("NVOCC") of goods over the seas for hire.

5. At all material times, Defendant COSCO SHIPPING LINES CO., LTD (hereinafter "COSCO" or "Defendant") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located c/o COSCO SHIPPING LINES North America, at 100 Lighting Way, Secausus, New Jersey 070940, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods over the seas for hire.

of this lawsuit, from China to the United States as a common carrier of goods over the seas for hire.

7. At all material times, Defendant, CMA CGM S.A. (hereinafter "CMA" or "Defendant") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located c/o CMA CGM (America) LLC, 5701 Lake Wright Drive, Norfolk, VA 23502, and at all relevant times, was and still is doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire and was the technical manager of the M/V CMA CGM G. WASHINGTON.

8. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment of 439 cartons of footwear, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

**RELEVANT FACTS**

9. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 7, as if herein set forth at length.

10. In January 2018, three consignments consisting of each 444 cartons, 428 cartons and 439 cartons of footwear, belonging to LEIF J. OSTBERG, were respectively laden into containers, namely: DFSU7520332, CBHU8953931 and TLLU4496889, and were booked for transit with Defendants ACS and COSCO on board the CMA CGM G. WASHINGTON from Xiamen, China to Los Angeles, California.

11. In or about January 2018, the three containers were delivered into the care, custody and control of Defendants ACS and COSCO at the marine terminal in Xiamen, China.


12. The transportation of the three consignments was all arranged in consideration of an agreed upon freight, and pursuant to a bill of lading numbered SHE-SZXG1800029 issued by ACS and a bill of lading numbered COSU617053510 issued by COSCO, both dated January 15, 2018.

13. Thereafter, on about January 15, 2018, the aforementioned containers were laden on board the M/V CMA CGM G. WASHINGTON.

14. On or about January 20, 2018, while the vessel was enroute to the United States and in the Pacific Ocean, and experiencing weather conditions of Beaufort Force 6, the containers in Bays 17, 53 and 57 collapsed, causing numerous containers to fall overboard and additional containers to suffer physical damage.

15. Plaintiff LEIF J.OSTBERG had 1 of its containers fall overboard, namely, TTLU4496889.

16. The value of the cargo laden into the container TTLU4496889 lost overboard totaled $79,970.14.

17. As a result of the foregoing, Leif J. Ostberg suffered damages in the amount of $79,970.14.

18. At all times relevant hereto, a contract of insurance for property damage was in effect between Leif J. Ostberg and Hartford, which provided coverage for, among other things, loss or damage to the aforementioned consignment of footwear.

19. Pursuant to the aforementioned contract of insurance between Leif J. Ostberg and Hartford, monies have been expended on behalf of Leif J. Ostberg to the detriment of Hartford due to the damages sustained during transit.

20. As Hartford has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendants, Hartford has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the defendants.

21. By reason of the foregoing, Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $79,970.14.

## AS AND FOR A FIRST CAUSE OF ACTION

22. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 21, inclusive, as if herein set forth at length.

23. Pursuant to the contracts of carriage entered into by and between the parties, the Defendants owed contractual and statutory duties to the aforementioned cargo owner to carry, bail, keep and care for, protect and deliver the Plaintiffs' cargoes in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

24. The Defendants breached their contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiffs' cargoes in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

25. As a direct and proximate result of said breach of contract by Defendants, the Plaintiffs have suffered damages presently estimated to be no less than $79,970.14.

26. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $79,970.14.

## AS AND FOR A SECOND CAUSE OF ACTION

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 26, inclusive, as if herein set forth at length.

28. At the time of the aforementioned incident, defendants together with the entities they hired to act on their behalf, were acting as bailees of the aforementioned cargoes and in their own capacity, or through their contractors, agents, servants, or sub-bailees, had a duty to safely and properly keep, care for and deliver the shipment in the same good order and condition as when entrusted to them. Defendants also had a duty to ensure that the services provided for the shipment were performed with reasonable care and in a non-negligent and workmanlike manner.

29. Defendants breached their duties and obligations as bailees by failing to properly carry, bail keep and care for, protect and deliver the Plaintiffs' cargoes in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

30. As a direct and proximate result of said breach of contract by Defendants, the Plaintiffs have suffered damages presently estimated to be no less than $79,970.14.

31. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $79,970.14.

## AS AND FOR A THIRD CAUSE OF ACTION

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 31, inclusive, as if herein set forth at length.

33. The Defendants owed a duty to the Plaintiffs' cargoes to carry, bail, keep and care for, protect and deliver the aforementioned cargoes in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

34. The Defendants breached and were negligent in exercising their duty to carry, bail, keep and care for, protect and deliver the Plaintiffs' cargoes in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

35. As a direct and proximate result of the negligent acts committed by Defendants, the Plaintiffs have suffered damages presently estimated to be no less than $79,970.14.

36. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $$79,970.14.

**AS AND FOR A FOURTH CAUSE OF ACTION**

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 36, inclusive, as if herein set forth at length.

38. As the owners, operators, charterers and /or managers of the M/V CMA CGM G. WASHINGTON, Defendants were responsible for properly manning, maintaining and repairing the vessel and for otherwise exercising due diligence to ensure that the vessel was seaworthy and fit to carry cargoes that were delivered to and loaded on board the M/V CMA CGM G. WASHINGTON during winter North Pacific voyages.

39. The losses sustained by plaintiffs were caused, in whole or in part, by the negligence and fault of defendants, and /or their agents, representatives and independent

contractors for whose acts and omissions it was responsible, including but not limited to, their failure to maintain the M/V CMA CGM G. WASHINGTON in a seaworthy condition.

40. As a direct and proximate result of said breach of contract by Defendants, the Plaintiffs have suffered damages presently estimated to be no less than $79,970.14.

41. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $79,970.14.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages in the amount of at least $79,970.14, jointly and singularly, together with interest, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
January 18, 2019
464-88

**CASEY & BARNETT, LLC**
Attorneys for Plaintiff

By: /s/ James P. Krauzlis

James P. Krauzlis
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225